Doscher, J.
Plaintiff, a domestic corporation and a taxpayer of the City of Yonkers, sues the city, its Mayor and the members of its common council for a judgment declaring illegal certain ordinances relating to discontinuance of portions of public streets and the sale thereof. Defendants have moved to dismiss the complaint on the ground it fails to state facts sufficient to constitute a cause of action.
On this, as on every application to dismiss a complaint, the plaintiff is entitled to have the whole pleading considered in the light of every intendment and with any reasonable inference that may be drawn from the material allegations. If, given such advantage, recovery can be had, the complaint may not be dismissed.
There can be no question that the City of Yonkers has the power to discontinue streets (General City Law, § 20, subd. 7; Second Class Cities Law, § 101; Yonkers City Charter [Supp.]) and upon such discontinuance to sell and convey the same at public auction to the highest bidder (General Cities Law, § 20, subd. 7; Second Class Cities Law, § 37). Plaintiff concedes the *281 foregoing to be the rule, but claims that, although the form may be legal, the substance of the transaction complained of was illegal by reason of waste.
The statute regulating sales by municipalities such as the City of Yonkers requires that it be to the highest bidder at public auction. The purpose of such an enactment is obvious — to obtain for the municipality the highest possible return (Beekman v. Third Ave. R. R. Co., 13 App. Div. 279). With this general proposition, no one can argue.
Is the “ highest possible return ” obtainable for the city’s real estate in this case? It must be remembered that with the passage of ordinances discontinuing the public streets, their beds become ordinary real estate.
The clue to the entire case lies in an examination of the ordinances respecting this sale. Bach of them (four in all) is headed “ An ordinance authorizing and directing the sale of a certain parcel of real property ”. In three of the four ordinances, there is a condition attached to the sale of which the following, contained in Special Ordinance No. 261, 1955, is typical, viz.: ‘' The sale of the aforementioned parcel of real property shall be subject * * * to a condition in the conveyance * * * that the fee title thereto shall revert to the City of Yonkers in the event that Otis Elevator Company ceases to operate its Yonkers Works (Sec. 2 (f) of mentioned ordinance) ”. From such a term of sale, it is a reasonable inference that competition may be stifled. What bidders, other than Otis Elevator Company, can be expected to gamble on the continuance of that company operating its Yonkers works ? Where the terms of a public sale are such as to stifle or deter bidding, the object of obtaining the highest return as intended by legislative enactment (Second Class Cities Law, § 37) is defeated and the restrictions imposed may well be held to be illegal (Yonkers R. R. Co. v. City of Yonkers, 218 App. Div. 97).
Motion to dismiss complaint denied. Settle order on notice.